**SPANGLER v CITIZENS NATL BANK et**

Ohio Appeals, 5th Dist, Muskingum Co

No 491.   Decided Nov 21, 1933

**OPINION**

By LEMERT, J.

The pleadings in this case are very lengthy and voluminous, and counsel being familiar with the issues as made by the plaintiff's petition and the averments of the defendants' answers and cross-petitions, we will not incorporate the same herein.

From the pleadings in this case we find that this action is one for money, only, for judgment upon certain promissory notes set out in the petition. It is the cause of the bank against J. M. Bailey, and as between said defendant, J. M. Bailey, and the plaintiff bank the only question arising is as to

the liability of J. M. Bailey thereon. His defense is that he is not liable in any way; that he acted at all times as agent for Bailey Estate and T. F. Spangler, a partnership, and that the defendant bank knew he was so acting and made said loans not to him individually but to his disclosed principal, namely, the Bailey Estate and T. F. Spangler. We note that there was no reply filed by the plaintiff to J. M. Bailey's answer and cross-petition. The court below might have well held that under the pleadings plantiff bank is not entitled to recover judgment against defendant because of its failure to deny his defense as alleged.

We note that during the progress and hearing of this case in the court below, extended evidence was adduced upon the issues made between defendants, J. M. Bailey individually and Trustees of the Bailey Estate on the one side and T. F. Spangler on the other, as to whether or not J. M. Bailey was or was not acting as agent in the negotiations of these loans, and we will determine this case upon the evidence in the record the same as if the plaintiff had taken issue with J. M. Bailey's answer filed to its petition.

Upon the issue of agency the evidence is of considerable length. An extended review of the evidence would not be of particular benefit to the parties or counsel in the case and we will herein state our conclusions, only.

From a careful review of all the testimony in the case, including all documentary proof, the court is convinced as a matter of fact, that J. M. Bailey, at the time he negotiated the loans in question and executed and delivered the notes sued upon, was not acting in his individual capacity but as agent for his mother, Caroline A. Bailey, executrix, and that the Peoples Savings Bank in extending these loans knew that fact; that at the time and for a long period prior thereto the defendant, T. F. Spangler and the Bailey Estate were a partnership, engaged in owning, acquiring and selling real estate in the City of Zanesville, Ohio; that the defendant, J. M. Bailey, acting as agent for his mother, Caroline A. Bailey, executrix, conceived a plan for building houses upon certain real estate of said partnership, communicated same to and conferred with the defendant, T. F. Spangler, who, with the Bailey Estate, then owned certain real estate, and with the approval and assistance of T. F. Spangler procured loans from the Peoples Savings Bank Company as represented by the notes here in question, for the purpose of building dwellings on said premises, to be later sold at a profit, in which T. F. Spangler was to share in accordance with his interest in said Bailey-Spangler partnership. Another agreement was made by said J. M. Bailey as agent with one Ludolph Hout, to build houses upon portions of said real estate, at a stipulated price: That it was agreed between said Spangler and J. M. Bailey, Agent, that upon sale of any of said real estate upon which houses should be builded, there would be first paid to the Bailey-Spangler partnership an agreed price for each lot on which a house was builded; That from moneys obtained from first mortgages negotiated thereon there would be paid the cost of the construction of each of said houses, and that second mortgage would be taken thereon for the remainder of said purchase price, in the name of T. F. Spangler and Caroline A. Bailey, executrix; that the defendant, T. F. Spangler, not only had full knowledge thereof but kept all books of accounting relating to the same, received the moneys paid by purchasers, caused deeds to be prepared and executed for the lots and buildings thereon erected and sold, mortgage loans to be made and mortgages executed, made collections of moneys due on second mortgages, actively participated in the conducting of the enterprise, kept record of payments made by purchasers from time to time and paid or deposited same to agency account of J. M. Bailey, attended to the payment of taxes, and in short acted as fiscal agent in all matters pertaining thereto, and from time to time rendering account to J. M. Bailey as representative of his mother, Caroline A. Bailey, executrix; that T. F. Spangler as president and director of said Peoples Savings Bank not only knew of the object and purpose of said loans, in whose behalf the same were negotiated and to whom credit was being extended, but by his acts, conduct and course of dealing for and with said Peoples Bank then and later and by permitting the other officials of said Bank to believe said notes were the obligations of the Bailey Estate and of himself and that credit was being extended to the Bailey-Spangler partnership thereby ratified all transactions of said J. M. Bailey, Agent, and we believe he is now estopped from asserting or claiming otherwise, and that said Peoples Bank in fact extended credit to said Bailey-Spangler partnership and not to J. M. Bailey individually.

Sec 8125, GC, provides:

"When the instrument contains or a person adds to his signature words indicating he signs for or on behalf of a principal or

in a representative capacity, he is not liable on the instrument if he was duly authorized."

The signature of "J. M. Bailey, Agent," indicates that he signed in some representative capacity. The evidence is that the bank, through its officers, particularly T. F. Spangler, President, knew that he was acting in the representative capacity, while upon the face of the notes the representative character of J. M. Bailey is not disclosed, and in so far as innocent purchasers, for value, or third parties would be concerned, such would be a requirement, though as to the payee of the notes a different rule would apply, for if the payee knew Bailey was signing in a repersentative capacity, and particularly if it further knew for whom he was acting, he would not be individually liable to payee, and parol proof of this knowledge, as was admitted in this case, is competent.

See **8 Corpus Juris, page 156.**

We note the averment in the cross-petition of J. M. Bailey that the notes sued upon do not, on their face, express the true agreement between the parties, and should have been signed T. F. Spangler and Caroline A. Bailey, executrix, by J. M. Bailey, their agent, and the prayer of this crosspetition is that said notes be reformed so as to express the true meaning of the parties.

It appears to this court that J. M. Bailey signed said notes in a representative capacity, with the authority of his principles, Bailey Estate and Spangler, with knowledge thereof by the payee bank by and through its President and other officials, and that all of the parties affected are parties to this case, contending pro and con upon the issues involved, raised by both the law and the evidence adduced, and it seems to us that had the plaintiff in the court below asked for reformation, the court below could have rightfully and legally granted the same. That being true, we see no reason why the cross-petitioners, J. M. Bailey and Trustees of the Bailey Estate, should not have a reformation, as prayed for.

We are therefore of the opinion that the defendant, J. M. Bailey, is not liable individually upon any of the notes sued upon in this action; that since the Bailey Estate, for which said J. M. Bailey is one of the acting Trustees, is a party herein, admitting liability to plaintiff on the notes sued upon, and T. F. Spangler is also a party herein, denying liability, but whom we find to be equally liable thereon, we find that it was right and proper that the notes herein in

question be reformed as prayed for in the cross-petition by said Trustees in their representative capacity.

It therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.