74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CONNEAUT DEVELOPMENT, INC., Debtor and Debtor in Possession;
Richard S. Brown; Wilma Brown; Edward A. Kleese; Flora
Mae Kleese; Robert S. Kleese; Nicholas S. Perod; Kleese
Development Associates, Plaintiffs-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for the
McKinley Bank; David A. Tiihonen; Peter T.
Zeller, Defendants-Appellees,
v.
Edward J. KLEESE; Joseph P. Kleese; James M. Kleese,
Third-Party Defendants-Appellants.
 No. 94-3687.
 United States Court of Appeals, Sixth Circuit.
 Jan. 16, 1996.
 
 Before: BOGGS and NORRIS, Circuit Judges; HACKETT, District Judge.*
 OPINION
 PER CURIAM.
 
 
 1
 All plaintiffs and third-party defendants appeal the final judgment of the district court entered on April 26, 1994. Having granted summary judgment to all defendants on the complaint and to the FDIC on four counts of the counterclaim, the district court made two awards, holding (1) Conneaut Development, Inc. ("CDI") liable for $1,127,227.98 plus interest on a series of consumer loans and (2) all plaintiffs and third-party defendants liable for $1,271,441.46 plus interest as makers and guarantors of a $785,000 note. All plaintiffs and third-party defendants appeal the first award, with all but CDI arguing that a reversal of that award will create set-off rights as to the second award. Only the third-party defendants appeal the second award. At oral argument, the plaintiffs and third-party defendants indicated that they were not appealing the summary judgments in favor of defendants David Tiihonen and Peter Zeller. For the following reasons, we affirm.
 
 
 2
 As to the first award, plaintiffs and third-party defendants challenge the finding of liability for the unpaid consumer notes on the basis of the Ohio Statute of Frauds, Ohio Rev. Code Ann. Sec. 1335.05 (Anderson 1993), and the parol evidence rule. Neither argument is persuasive.
 
 
 3
 Plaintiffs and third-party defendants claim that the November 1985 modification of the CDI-McKinley written financing agreement is within the Statute of Frauds for two reasons: (1) the modification amounts to a promise to answer for the debt of another and (2) the modified agreement was not to be performed within one year. This second argument can be dismissed readily, because the modification concerned only the identity of the payee of the notes and did not affect the term of performance. Contracts that are within the Statute of Frauds may be modified orally so long as the modified terms are not themselves within the statute. Nonamaker v. Amos, 73 Ohio St. 163, 76 N.E. 949 (1905).
 
 
 4
 The modification is not a promise to answer for the debt of another for at least two reasons. First, it is obvious that the sole purpose of the modification was to cut one step out of the financing process. The parties did not intend the risk of consumer default to shift from CDI to McKinley. The initial agreement contemplated that this risk would rest with CDI, and there is nothing in the record that would suggest that the parties meant to alter this risk-allocation scheme. Whereas CDI initially would have been liable as a matter of both commercial law and contract law, the modification eliminated only the endorser liability. Second, CDI agreed to be liable on the consumer notes to serve its own business interests: it needed to ensure that financing would be available for its customers so that it could continue to make sales. Under the "leading object" rule, the promise is not within the statute. Wilson Floors Co. v. Sciota Park, Ltd., 54 Ohio St.2d 451, 454, 377 N.E.2d 514, 516 (1978) (citing Crawford v. Edison, 45 Ohio St. 239, 239, 13 N.E. 80, 80 (1887) (syllabus)).
 
 
 5
 Regarding the parol evidence rule, plaintiffs and third-party defendants argue that evidence of the oral modification of the November 1985 financing agreement is inadmissible because that change may have occurred as soon as four days after the signing of the contract. They claim that the oral and written agreements should be deemed contemporaneous for purposes of the rule. As noted above, we think it plain that the modification was a minor technical change not going to the substance of the CDI-McKinley relationship. Having presumably discovered, several days after the signing of the written contract, that it would be more efficient to have CDI's customers make the notes payable to McKinley, the parties established a course of conduct slightly different from what had been contemplated in the written agreement. To require the parties at that point to call their lawyers again to draft a contract addendum, or possibly to rescind the old agreement and to prepare a new contract, would be pointless. "The purpose of the parol evidence rule is not to exclude all extrinsic evidence in general, but, rather, to exclude only such evidence intended to supersede and destroy the clear intentions of the parties set forth in the written agreement." South Union, Ltd. v. George Parker & Assocs., 29 Ohio App.3d 197, 207 504 N.E.2d 1131, 1142 (1985). The parol evidence rule was not designed to reach the slight oral modification found in this case, which came at least four and perhaps as many as twenty-one days after the signing of the written contract.
 
 
 6
 In addition, plaintiffs and third-party defendants point to a provision in the January 1987 addendum to the November 1985 written agreement that states, "All other terms & conditions remain unchanged," as support for the idea that this later writing cannot be contradicted by the oral modification from 1985. The most natural reading of that sentence, when taken in context, is that the addendum is not intended to alter any provisions of the CDI-McKinley relationship other than those explicitly covered in the addendum. This subsequent writing is not sufficiently contradictory of the November 1985 oral agreement to preclude the introduction of evidence of that oral modification.
 
 
 7
 The third-party defendants challenge the second of the damages awards, contending that they were not liable as individual partners of Kleese Development Associates ("KDA") for KDA's guaranty of the February 1989 $785,000 note. They assert that Robert S. Kleese, the managing partner of KDA, did not have the authority to bind the partnership to the guaranty and that the partners have not ratified the guaranty. Whether Kleese had the necessary authority at the time the guaranty was granted, he certainly acquired such authority by virtue of the June 1989 amendment to the KDA partnership agreement. In June of 1990, Kleese, then vested with full management authority of KDA, including the power "to do singularly all those things the partners jointly could do," sent a letter to McKinley acknowledging the partnership's guaranty. That letter, along with retention of the benefits of the guaranty, is sufficient to constitute a ratification of the guaranty on behalf of KDA, regardless of whether KDA had been bound previously. Spangler v. Citizens' Nat'l Bank, 47 Ohio App. 123, 126, 190 N.E. 636, 637 (1933). Because KDA is obligated on the guaranty, the third-party defendants are bound as partners of KDA.
 
 
 8
 The summary judgment and the award of damages to the FDIC are affirmed.
 
 
 
 *
 The Honorable Barbara Hackett, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation